THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FLORENCIO PECINA, Defendant-Appellant.

Third District   No. 3—83—0460

Opinion filed April 26, 1985.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Patricia Hartmann, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant stands convicted of felony murder for the killing of Arthur Zielinski on November 3, 1982. The facts of this case are adequately stated for the purposes of this appeal in the companion case entitled *People v. Pecina* (1985), 132 Ill. App. 3d 948, decided this date, and need not be repeated here. In *People v. Pecina*, we concluded that the State's evidence failed to establish that a robbery of the victim, the predicate offense for the charge of felony-murder, had taken place on the night in question. See *People v. Taylor* (1984), 101 Ill. 2d 508, 463 N.E.d 705; *People v. Tiller* (1982), 94 Ill 2d 303, 447 N.E.2d 174; and *Woods v. Linahan* (5th Cir. 1981), 648 F.2d 973.

For the reasons stated in the companion case, this defendant's conviction must be reversed. The remaining issues raised by this defendant on appeal are: (1) whether the trial court deprived defend-

ant of his right to an impartial jury by denying the defense challenge for cause and a defense request for additional peremptory challenges; (2) whether the trial court erred in refusing to instruct the jury on voluntary manslaughter; (3) whether defendant was denied the constitutional right to a fair trial because of prejudicial conduct by the prosecutor during closing argument; (4) whether this cause should be remanded for resentencing because the trial court erroneously believed that defendant could be sentenced to death; (5) whether the trial court erred in sentencing defendant to an extended term of imprisonment; and (6) whether defendant's extended-term sentence of 60 years' imprisonment is clearly excessive.

■ As in the case of Steve Pecina, we have carefully reviewed the arguments and the record on appeal to determine whether any issues that might have affected a conviction for murder under section 9—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 9—1(a)(1)) would preclude a remandment for the purpose of entering judgment on the jury's verdict of guilty on the intentional murder charge. As in the case of Steve Pecina, we have found no reversible error, but we remand for resentencing on the alternate murder conviction, and we will not deny the defendant another opportunity to raise before this court issues respecting his murder conviction on grounds not previously considered.

The conviction for felony murder is reversed, the sentence is vacated, and the cause is remanded with directions to enter judgment of conviction for murder (Ill. Rev. Stat. 1983, ch. 38, par. 9—1(a)(1)) and to conduct a new sentencing hearing.

Reversed and remanded with directions.

SCOTT and STOUDER, JJ., concur.